| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:08-cr-75(1) |
| | § | |
| CARROLL DEWAYNE LOUIS | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Carroll Dwayne Louis's ("Louis") *pro se* Motion for Time Served (#59). Having considered the motion, the record, and the applicable law, the court is of the opinion that the request should be dismissed.

I.   Background

On May 8, 2008, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a single count Indictment against Louis, charging him in Count I with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). Louis appeared before the court on November 13, 2008, and pleaded guilty to Count I of the Indictment pursuant to a non-binding plea agreement. On April 17, 2009, the court sentenced Louis to 37 months' imprisonment, followed by 3 years of supervised release. One of the conditions of his supervised release stated that Louis "shall not commit another federal, state, or local crime." Louis completed his sentence of imprisonment and began his period of supervised release on May 11, 2011. On September 12, 2013, United States Probation and Pretrial Services filed a Petition for Warrant for Offender Under Supervision, alleging that Louis violated the mandatory condition stated above by committing the offense of aggravated robbery for which he was convicted on September 5, 2013, in Jefferson County, Texas. He was subsequently sentenced to 15 years' imprisonment in the Texas Department of Criminal Justice ("TDCJ"). As a consequence, on June 8, 2015, the court

revoked Louis's supervised release and sentenced him to 24 months' imprisonment in the Federal Bureau of Prisons ("BOP"). The sentence was ordered to run consecutively to his state sentence.

Louis is currently serving his state sentence for aggravated robbery in the Polunsky Unit of the TDCJ. His projected release date on his state sentence is September 2, 2028. Louis has not begun serving his consecutive, 24-month federal sentence imposed upon the revocation of his supervised release in this case. According to Louis, it was lodged as a detainer with Texas authorities to take effect upon the completion of his current state sentence. Louis now asks the court to "grant me time serve[sic] on my detainer." He elaborates that he has accepted his wrongdoing and is remorseful for his actions. Louis claims that he "has been doing an excellent job to excel in life," has "3 trades," and is "ready for society once again."

II.   Applicable Law

A judgment of conviction that imposes a sentence of imprisonment is a "'final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *accord United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011); *United States v. Moss*, No. 3:23-CR-16-SA-RP, 2024 WL 2278345, at *1 (N.D. Miss. May 20, 2024). A district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the BOP, or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with the applicable policy statements issued by the Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(1)(A);

(2) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(2); (3) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; or (4) when the defendant has provided substantial assistance and the government moves for a sentence reduction pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

Here, when Louis's supervised release was revoked, the court ordered the 24-month term of imprisonment imposed to run consecutively to the state sentence he is now serving. Thus, Louis would need to establish that he falls within one of the above four circumstances in order for the court to modify the judgment and impose a sentence of time served instead. This would, in essence, convert his 24-month consecutive federal sentence to a sentence that runs concurrently with his state sentence. His motion, however, does not address or establish any of the circumstances under which a previously imposed federal sentence can be changed. Accordingly, the court does not have the authority to modify its previous revocation judgment sentencing Louis to 24 months' imprisonment to run consecutively to his state sentence and sentence him to time served.

The United States Sentencing Commission recommends that any sentence resulting from a revocation of supervised release run consecutively to any sentence that results from the conduct that is the basis of the revocation of supervised release. U.S. SENTENCING GUIDELINES MANUAL §§ 5G1.3 application note 4(C),7 B1.3(f) & application note 4 (2024); *accord United States v. Medel-Guadalupe*, 987 F.3d 424, 431 (5th Cir. 2021); *United States v. Holguin-Hernandez*, 955

F.3d 519, 520 (5th Cir. 2020); *United States v. Mendoza*, 797 F. App'x 883, 884 (5th Cir. 2020). This is because "a revocation sentence punishes a breach of trust rather than the criminal conduct." *United States v. Daughenbaugh*, 793 F. App'x 237, 240 (5th Cir. 2019). The breach of trust occurred in the case in which supervised release was imposed, as supervised release constitutes a part of the original federal sentence for the offense of conviction, in this instance, felon in possession of a firearm. *See United States v. Xayasith*, No. 4:15-CR-205-ALM-CAN-1, 2022 WL 404567, at *3 (E.D. Tex. Feb. 9, 2022) ("Any sentence imposed for the defendant's violation is treated 'as part of the penalty for the initial offense' rather than a penalty for the offense constituting a violation of the terms of supervised release." (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)); *accord United States v. Brown*, 855 F. App'x 176, 179 (5th Cir. 2021); *Daughenbaugh*, 793 F. App'x at 240; *United States v. Rivera*, 797 F.3d 307, 308 (5th Cir. 2015). The Fifth Circuit has "repeatedly upheld revocation sentences that were ordered to run consecutively to sentences for new offenses that prompted the revocation." *United States v. Brown*, 797 F. App'x 854, 858 (5th Cir. 2020). Thus, Louis's federal revocation sentence imposed on June 8, 2015, properly runs consecutively to his state sentence, and the court is without authority to modify it and impose a sentence of time served.

III.  Conclusion

Consistent with the foregoing, Louis's *pro se* Motion for Time Served (#59) is DISMISSED.

SIGNED at Beaumont, Texas, this 28th day of July, 2025.

_____<br>
MARCIA A. CRONE<br>
UNITED STATES DISTRICT JUDGE